**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| NOVARTIS PHARMACEUTICALS CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>KWAME RAOUL, in his official capacity as ATTORNEY GENERAL OF ILLINOIS,<br><br>Defendant. | No. 26 C 9522<br><br>Honorable Edmond E. Chang |

**DEFENDANT'S UNOPPOSED MOTION TO REASSIGN RELATED CASES**

1. Defendant Kwame Raoul, in his official capacity as Attorney General of Illinois ("Defendant"), respectfully moves the Court under Local Rule 40.4 to reassign to its calendar these four related actions: *AbbVie Inc. v. Raoul*, No. 26 C 9523 ("AbbVie action"); *Bristol Myers Squibb Company v. Raoul*, No. 26 C 9590 ("BMS action"); *AstraZeneca Pharmaceuticals LP v. Raoul*, No. 26 C 9805 ("AstraZeneca action"); and *Pharmaceutical Research and Manufacturers of America v. Raoul*, No. 26 C 9859 ("PhRMA action").[1] Like this action ("Novartis action"), each of the four related actions identified above asserts a claim that a recently enacted Illinois law is obstacle preempted by federal law. In addition, there is substantial overlap among the additional claims challenging the recently enacted Illinois law that are also asserted across all five actions. Having each of the five actions heard by the same judge will therefore result in a substantial saving of judicial time and effort without prejudicing the parties in any action.

[1] A motion for reassignment "shall be filed in the lowest-numbered case." LR 40.4(c).

2. The Novartis, AbbVie, BMS, AstraZeneca, and PhRMA actions each concern constitutional challenges to the Patient Access to Pharmacy Protection Act ("Patient Access Act"), or House Bill 2371, which was enacted by the Illinois legislature on June 1, 2026; was approved by the Governor of Illinois on August 7, 2026; and became law on that same day as Public Act 104-758.[2] A federal law known as section 340B allows pharmaceutical manufacturers to choose to participate in a federal program that makes them "eligib[le] to participate in State Medicaid programs" (the carrot) in exchange for "impos[ing] ceilings on prices [they] may charge for medications sold to specified health-care facilities" (the stick). *Astra USA, Inc. v. Santa Clara County*, 563 U.S. 110, 113 (2011) (citing 42 U.S.C. § 256b). The Patient Access Act regulates the delivery to patients of medications that have been sold to those facilities under the section 340B program. Defendant is authorized to enforce the Patient Access Act. Many states have enacted similar laws and faced similar constitutional challenges. *Compare, e.g.*, *AbbVie Inc. v. Murrill*, 180 F.4th 747, 757-62 (5th Cir. 2026) (holding that Louisiana's law is *not* preempted by federal law), *with Pharmaceutical Research and Manufacturers of America v. McCuskey*, 171 F.4th 675, 687-95, *rehearing en banc granted*, 176 F.4th 830 (4th Cir. 2026) (holding that West Virginia's law *is* preempted by federal law).

3. Plaintiff Novartis Pharmaceuticals Corporation ("Novartis") filed this action against Defendant on August 7, 2026. ECF 1. It alleges that the Patient Access Act is preempted by federal law under field and obstacle preemption theories, *id.* at 50-52, ¶¶ 166-80; discriminates against Novartis based on its dealings with the federal government, *id.* at 53, ¶¶ 181-86; and violates the dormant commerce clause, *id.* at 54, ¶¶ 187-91. Novartis moved for a

[2] The law is available at https://www.ilga.gov/Documents/Legislation/PublicActs/104/PDF/104-0758.pdf.

preliminary injunction on August 10, 2026, ECF 6. The Court ordered Defendant to respond to the motion by September 4, 2026. ECF 20.

4. Plaintiffs AbbVie Inc., Allergan, Inc., Durata Therapeutics, Inc., AbbVie Products LLC, Pharmacyclics LLC, and Allergan Sales, LLC (collectively, "AbbVie") filed a separate action against Defendant on August 7, 2026. Complaint, *AbbVie Inc. v. Raoul*, No. 26 C 9523, ECF 1 (attached). The action is assigned to the Honorable John J. Tharp, Jr. AbbVie alleges that the Patient Access Act is preempted by federal law under field and obstacle preemption theories, *id.* at 44-56, ¶¶ 125-51; and violates the takings clause, *id.* at 56-59, ¶¶ 152-63. AbbVie moved for a preliminary injunction on August 14, 2026. Motion, *AbbVie Inc. v. Raoul*, No. 26 C 9523, ECF 16. Judge Tharp has not entered a briefing schedule on the motion. Minute Entry, *AbbVie Inc. v. Raoul*, No. 26 C 9523, ECF 18.

5. Plaintiff Bristol Myers Squibb Company ("BMS") filed a separate action against Defendant on August 10, 2026. Complaint, *Bristol Myers Squibb Company v. Raoul*, No. 26 C 9590, ECF 1 (attached). The action is assigned to the Honorable LaShonda A. Hunt. BMS alleges that the Patient Access Act is preempted by federal law under field and obstacle preemption theories, *id.* at 31-39, ¶¶ 94-118; discriminates against BMS based on its dealings with the federal government, *id.* at 39-42, ¶¶ 119-27; violates the takings clause, *id.* at 42-46, ¶¶ 128-41; violates the dormant commerce clause, *id.* at 46-49, ¶¶ 142-50; and violates the contracts clause, *id.* at 49-53, ¶¶ 151-60. BMS moved for a preliminary injunction on August 12, 2026. Motion, *Bristol Myers Squibb Company v. Raoul*, No. 26 C 9590, ECF 17. Judge Hunt ordered Defendant to respond to the motion by September 4, 2026, Minute Entry, *Bristol Myers Squibb Company v. Raoul*, No. 26 C 9590, ECF 23.

6. Plaintiff AstraZeneca Pharmaceuticals LP ("AstraZeneca") filed a separate action against Defendant on August 14, 2026. Complaint, *AstraZeneca Pharmaceuticals LP v. Raoul*, No. 26 C 9805, ECF 1 (attached). The action is assigned to the Honorable Franklin U. Valderrama. AstraZeneca alleges that the Patient Access Act discriminates against it based on its dealings with the federal government, *id.* at 46, ¶¶ 158-61; is preempted by federal law under an obstacle preemption theory, *id.* at 46-49, ¶¶ 162-71; violates the contracts clause, *id.* at 49-50, ¶¶ 172-77; and violates the takings clause, *id.* at 50-51, ¶¶ 178-83. AstraZeneca moved for a preliminary injunction on August 20, 2026. Motion, *AstraZeneca Pharmaceuticals LP v. Raoul*, No. 26 C 9805, ECF 9. Judge Valderrama has not entered a briefing schedule on the motion.

7. Plaintiff Pharmaceutical Research and Manufacturers of America ("PhRMA") filed a separate action against Defendant on August 14, 2026. Complaint, *Pharmaceutical Research and Manufacturers of America v. Raoul*, No. 26 C 9859, ECF 1 (attached). The action is assigned to the Honorable Lindsay C. Jenkins. PhRMA alleges that the Patient Access Act is preempted under field and obstacle preemption theories, *id.* at 20-29, ¶¶ 66-93; and violates the dormant commerce clause, *id.* at 29-33, ¶¶ 94-103. Defendant understands that PhRMA intends to file a preliminary injunction motion at some point in the near future.

8. In the interest of judicial economy, the AbbVie, BMS, AstraZeneca, and PhRMA actions should be reassigned to this Court's calendar as "related" to the Novartis action under Local Rule 40.4.

9. "Two or more civil cases may be related if" they "involve some of the same issues of . . . law" or "grow out of the same . . . occurrence." LR 40.4(a)(2) & (3). As shown in the chart following this paragraph, there is substantial overlap between the issues of law involved in this action by Novartis and the four related actions by AbbVie, BMS, AstraZeneca, and PhRMA.

Each of the five actions alleges that the Patient Access Act is preempted under an obstacle preemption theory. And there is substantial overlap among the five actions with respect to the other claims asserted: each of the other actions asserts at least two additional claims, and each of these additional claims is asserted in at least two of the five actions, but none of these additional claims is asserted in the same combination of actions. Plus, the Attorney General of Illinois is the only defendant named in each of the five actions. All this makes the AbbVie, BMS, AstraZeneca, and PhRMA actions "related" to the Novartis action under Local Rule 40.4.

| | Novartis | AbbVie | BMS | AstraZeneca | PhRMA |
|---|---|---|---|---|---|
| Obstacle preemption | X | X | X | X | X |
| Field preemption | X | X | X | | X |
| Federal government discrimination | X | | X | X | |
| Dormant commerce clause | X | | X | | X |
| Takings clause | | X | X | X | |
| Contracts clause | | | X | X | |

10. In addition, the Novartis, AbbVie, BMS, AstraZeneca, and PhRMA actions are "related" under Local Rule 40.4 because they all grow out of the same occurrence: the recent enactment of the Patient Access Act.

11. "A case may be reassigned to the calendar of another judge if it is found to be related to an earlier-numbered case assigned to that judge and each of the following criteria is met: (1) both cases are pending in this [district]; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the

proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding." LR 40.4(b).

12. Reassigning the AbbVie, BMS, AstraZeneca, and PhRMA actions would also satisfy each of the four conditions in Local Rule 40.4(b). All five actions are pending in this district. LR 40.4(b)(1). In addition, "the handling of [all five] cases by the same judge is likely to result in a substantial saving of judicial time and effort." *Id.* 40.4(b)(2). Because of the substantial overlap in claims, resolving the five actions "will require each judge to tread much, if not all, of the same ground." *Sha-Poppin Gourmet Popcorn, LLC v. JP Morgan Chase Bank, N.A.*, No. 20 C 2523, 2020 WL 8367421, at *3 (N.D. Ill. Sept. 4, 2020). "It would be inefficient for [five] judges to get up to speed on these issues." *Portis v. McKinney*, No. 21 C 2842, 2021 WL 4125107, at *2 (N.D. Ill. Sept. 9, 2021).

13. As for the third condition in Local Rule 40.4(b), the Novartis action "has not progressed to the point where designating the [AbbVie, BMS, AstraZeneca, and PhRMA actions] as related would be likely to delay the proceedings in the [Novartis] case substantially." LR 40.4(b)(3). Each of the five actions was filed in the week between August 7 and 14, 2026. Preliminary injunction motions are pending in four of the five actions (and one is anticipated in the remaining action). No discovery has been conducted, and no dispositive motions have been filed. *See, e.g.*, *Kane v. Loyola University of Chicago*, No. 22 C 6476, 2024 WL 6979630, at *2 (N.D. Ill. Dec. 20, 2024) (reassignment not likely to delay earlier proceeding where "[f]act discovery opened recently" and would remain open for another eight months).

14. Finally, because the five actions are in the very early stages, and involve overlapping questions of law, they "are susceptible of disposition in a single proceeding." LR 40(b)(4); *see, e.g.*, *Sprint Nextel Corporation v. AU Electronics, Inc.*, No. 12 C 9095, 2013 WL

12618203 (N.D. Ill. Mar. 1, 2013) ("reassignment does not require that the two cases be bound together, proceeding in unison for all purposes," but rather merely requires that the two cases "'involve fundamentally similar claims and defenses that will likely be amenable to dispositive treatment in unified proceedings'"). To help effectuate this condition, Defendant intends to file a combined response to all five anticipated preliminary injunction motions.[3]

15. "The judiciary has an interest, independent of litigants' goals, in avoiding messy, duplicative litigation." *Ewing v. Carrier*, 35 F.4th 592, 594 (7th Cir. 2022). Here, fortunately, the judiciary's interest and the litigants' goals are in alignment. Defendant conferred with counsel for plaintiffs in each of the Novartis, AbbVie, BMS, AstraZeneca, and PhRMA actions. No party in any of these actions opposes the relief sought in this motion.[4]

16. For all these reasons, the Novartis, AbbVie, BMS, AstraZeneca, and PhRMA actions are "related" under Local Rule 40.4(a); all conditions in Local Rule 40.4(b) are satisfied; and the AbbVie, BMS, AstraZeneca, and PhRMA actions should therefore be reassigned to this Court's calendar.

---

[3] Based on the preliminary injunction motions currently on file in the Novartis, AbbVie, BMS, and AstraZeneca actions, Defendant intends to file his combined response on September 4, the deadline previously ordered by this Court with respect to Novartis's motion and Judge Hunt as to BMS's motion. But Defendant cannot be certain that he will be able to meet this deadline (or how many pages he will need for his combined response) until PhRMA's anticipated preliminary injunction motion is on file, which Defendant understands will happen soon.

[4] Defendant will file a Notice of Filing in the AbbVie, BMS, AstraZeneca, and PhRMA actions along with a copy of this motion filed as an attached exhibit, as required by Local Rule 40.4(c). Defendant will also email a copy of this motion to counsel representing AbbVie, BMS, AstraZeneca, and PhRMA.

Dated: August 21, 2026

Respectfully submitted,

/s/ Darren Kinkead

Darren Kinkead
Office of the Illinois Attorney General
115 South LaSalle Street
Chicago, IL 60603
(773) 590-6967
Darren.Kinkead@ilag.gov